WIGGINTON, Judge.
Raising several issues, Green seeks review of his conviction and sentence for burglary of a dwelling while armed with a dangerous weapon pursuant to section 810.02(2), Florida Statutes (1989). He urges that there was insufficient evidence to convict him of that first-degree felony, that the trial court erred in admitting into evidence similar fact evidence, and that he was improperly sentenced as an habitual felony offender. Finding his first two points to be without merit, we affirm without further elaboration.
We also affirm appellant’s sentence imposed pursuant to section 775.084(4)(a)l., Florida Statutes (1989). Appellant argues that because he was convicted of a first-degree felony punishable by a term of *797 years not to exceed life, the habitual felony offender statute does not apply. He cites this court’s recent decision in Gholston v. State, 16 F.L.W. D46 (Fla. 1st DCA 1990). However, since Gholston, we have considered the issue en banc, and have receded from Gholston, in Burdick v. State, 584 So.2d 1035 (1991). Nonetheless, as we did in Burdick, we certify the following question as one of great public importance:
IS A FIRST-DEGREE FELONY PUNISHABLE BY A TERM OF YEARS NOT EXCEEDING LIFE IMPRISONMENT SUBJECT TO AN ENHANCED SENTENCE OF LIFE IMPRISONMENT PURSUANT TO THE PROVISIONS OF THE HABITUAL FELONY OFFENDER STATUTE?
AFFIRMED.
CAWTHON, Senior Judge, concurs.
ERVIN, J., concurs and dissents with opinion.