PER CURIAM.
Appellant, Kenneth Mixon, appeals his thirty-year sentence for armed burglary, a first-degree felony punishable by life, as a habitual offender under Section 775.084, Florida Statutes (1989). He relies on this court’s opinions in Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990), and Gholston v. State, 16 F.L.W. D46 (Fla. 1st DCA Dec. 17, 1990). We affirm.
Mixon’s reliance on Johnson is misplaced, because that case dealt with life felonies. Moreover, we have recently receded from Gholston in Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) (en banc), in which we held that first-degree felonies punishable by life may be enhanced under section 775.084. Nonetheless, as we did in Green v. State, 583 So.2d 796 (Fla. 1st DCA 1991), we certify the following question as one of great public importance:
IS A FIRST-DEGREE FELONY PUNISHABLE BY A TERM OF YEARS NOT EXCEEDING LIFE IMPRISONMENT SUBJECT TO AN ENHANCED SENTENCE OF LIFE IMPRISONMENT PURSUANT TO THE PROVISIONS OF THE HABITUAL FELONY OFFENDER STATUTE?
AFFIRMED.
*818 WIGGINTON and KAHN, JJ., concur.
ERVIN, J., dissents with written opinion.